IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |  |
|---|---|---|
| DORIS LEE THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-0636-E-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| BRIAN UNDERWOOD, Warden, | ) | |
| Pocatello Women's Correctional | ) | |
| Center, | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal.  (Docket No. 6.)  The Court has determined that oral argument is unnecessary and that the Motion will be submitted on the briefs and the record.  *See* D. Idaho L. Civ. R. 7.1 (d).

For the reasons that follow, the Court concludes that the Petition for Writ of Habeas Corpus is untimely and shall be dismissed.

## BACKGROUND

In 1997, the State of Idaho charged Petitioner with one count of first-degree murder and numerous counts of grand theft, based upon the 1986 beating death of Petitioner's 73-year-old boyfriend and the subsequent theft of his social security checks. *State's Lodging*, pp. 151-67.  Petitioner agreed to enter a guilty plea to first-degree murder in exchange for the State's promise to refrain from seeking the death penalty.

**Memorandum Decision and Order - 1**

*State's Lodging A-3*, pp. 444-48.  The grand theft charges were also consolidated into one count.  *Id.*  The state district court subsequently imposed a fixed life sentence for first-degree murder and a fixed 14-year sentence for grand theft, with the sentences to be served consecutively.  *State's Lodging A-3*, pp. 478-81.  The court later amended the fixed life sentence to indeterminate life based upon the court's belief that it lacked the authority under the law that existed at the time of Petitioner's crime to impose a determinate life sentence.  *State's Lodging A-3*, pp. 485-86.  Upon the state's request for reconsideration, the court vacated the amended judgment, reinstating the fixed life sentence.  *State's Lodging A-3*, pp. 494-95.

Petitioner appealed her sentence and the denial of her Idaho Criminal Rule 35 motion to the Idaho Court of Appeals, which denied relief on December 13, 1999.  *State's Lodging B-17*.  Petitioner did not file a petition for review in the Idaho Supreme Court, and the Court of Appeals issued its Remittitur on January 4, 2000.  *State's Lodging B-18*.

On December 12, 2000, Petitioner filed a Petition for Post-Conviction Relief in state district court, which was summarily dismissed.  *State's Lodging C-1*, p. 5.  Petitioner appealed the dismissal, which was affirmed by the Idaho Court of Appeals.  *State's Lodging D-4*.  Petitioner did not seek review in the Idaho Supreme Court, and the Court of Appeals issued its Remittitur on September 4, 2002.  *State's Lodging D-5*.

On December 23, 2004, Petitioner filed a Petition for Writ of Habeas Corpus, raising four claims of constitutional error.  United States Magistrate Judge Mikel H.

**Memorandum Decision and Order - 2**

Williams reviewed the Petition and ordered the Respondent to submit a response. Respondent thereafter filed a Motion for Summary Dismissal, contending that the Petition is untimely and that the claims within the Petition are procedurally defaulted. Petitioner has filed a response to the Motion, and the case has since been reassigned to this Court for resolution.

After reviewing the record and the briefing, the Court agrees with Respondent that the Petition is untimely.

## STANDARD OF LAW

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), which includes a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period ordinarily begins to run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). Direct review includes the ninety days during which a party can file a petition for writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period also may be equitably tolled under exceptional

**Memorandum Decision and Order - 3**

circumstances. For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond her control made it impossible to file the habeas petition on time. *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).

## DISCUSSION

The state court judgment in this case became final for purposes of AEDPA's statute of limitations on April 3, 2000, ninety days after the Idaho Court of Appeals issued its Remittitur at the conclusion of the direct appeal. *State's Lodging B-17*. The one-year limitations period started to run from that date. 28 U.S.C. § 2244(d)(1)(A).

On December 11, 2000, after 252 days had expired, Petitioner submitted an application for state post-conviction relief. The limitations period was tolled while the post-conviction proceeding was pending in the state courts between December 11, 2000, and September 4, 2002, when the Idaho Court of Appeals issued its Remittitur. *Cf. White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002) (holding that the ninety days for filing a petition for certiorari in the Supreme Court is not included for tolling purposes). At that point, Petitioner had 113 days remaining in which to file a federal petition, yet she waited over two years, until December 23, 2004, to do so. Accordingly, the Petition is untimely.

Petitioner appears to argue that the limitations period was also tolled while she attempted to file a state habeas petition, or an "appeal," in the Idaho Supreme Court Specifically, Petitioner contends that she attempted to initiate such an action in September 2002, but she had been given incorrect legal materials by the prison. As a result, she

**Memorandum Decision and Order - 4**

submitted a document to the Idaho Supreme Court labeled a "Notice of Appeal," which indicated that she was appealing to the "United States Court of Appeals for the Ninth Circuit." *Docket No. 13, Exhibit C*. A clerk of the Idaho Supreme Court transferred the document to this Court, which returned it to Petitioner with a notation from a deputy clerk that he was "unable to find any record of [Petitioner] filing a case at the federal level." *Docket No. 13, Exhibit D*. Petitioner apparently took no further action. Setting aside whether these circumstances are sufficient to toll the limitations period, the total time that the "Notice of Appeal" was pending amounted to no more than about ten days, which is insignificant given that the Petition is two years late.

Petitioner has not come forward any other persuasive arguments or evidence demonstrating that extraordinary circumstances made it impossible for her to file her Petition on time, and the Court has reviewed the record and found none.[1] Therefore, Respondent's Motion for Summary Dismissal will be granted, and this case will be dismissed. Because the Court resolves this matter on timeliness grounds, it does not reach Respondent's alternative argument that the habeas claims are also procedurally defaulted.

---

[1] The Court is aware that Petitioner has alleged that she did not receive her legal mail in this case in a timely fashion. *See Docket No. 16.* Petitioner, however, did file a response to the Motion for Summary Dismissal, which the Court has carefully reviewed in addition to the state court record. And although Petitioner has since indicated that she may have included "additional detail" in her Response had she known that she had more time to prepare, she has not explained what that additional detail is, or how it would assist her in demonstrating that her Petition is timely. *See Docket No.16 , p. 2.*

**Memorandum Decision and Order - 5**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 6) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's request for an evidentiary hearing, contained within her Reply to State's Motion for Summary Dismissal, is DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

DATED: **January 9, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court