IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DORIS LEE THOMAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BRIAN UNDERWOOD, Warden, ) <br> Pocatello Women's Correctional ) <br> Center, ) <br> Respondent. ) <br> _____ ) | Case No. CV 04-0636-E-BLW <br><br> **ORDER** |

The Court previously dismissed this habeas case after concluding that the Petition was untimely under 28 U.S.C. § 2244(d).  (Docket Nos. 17 & 18.)  Currently before the Court is Petitioner's Application for a Certificate of Appealability from that decision. (Docket No. 19.)  For the reasons that follow, the Application will be denied.

As an initial matter, Respondent contends that the notice of appeal is itself untimely.  An appeal from the dismissal of a habeas petition is subject to the thirty-day time limitation for appealing civil actions contained in Federal Rule of Appellate Procedure 4(a)(1)(A).  *Malone v. Aventi*, 850 F.2d 569, 571 (9th Cir. 1988).  The Court signed the Judgment dismissing this case on January 9, 2006, but the Clerk of Court did not enter it until the next day, January 10.  (Docket No. 18.)  The time to appeal expired thirty days later, on February 9.  *See* Fed. R. App. P. 4(a)(1)(A)(time to appeal runs from the entry of judgment).  Petitioner has attached a copy of the prison mail log to her Reply Brief, which indicates that she gave the Application to prison authorities for mailing on

**ORDER - 1**

February 10.  This is still one day late, but it appears that Petitioner, who is proceeding *pro se*, simply miscalculated the due date by a single day, and the Court will extend the deadline based upon Petitioner's excusable neglect.  *See* Fed. R. App. P. 4(a)(5)(A)(ii); *see also Marx v. Loral Corp.*, 87 F.3d 1049, 1053 (9th Cir. 1996) (affirming a finding of excusable neglect to extend the appeal deadline by one day).

 To be entitled to a certificate of appealability, Petitioner must show that reasonable jurists would find the Court's resolution of the statute of limitations issue to be debatable.  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  She has not met this standard.

Petitioner argues that the Court erred in not finding that the limitations period was equitably tolled by extraordinary circumstances beyond her control.  Specifically, she alleges that she was led to believe that she had one year after the last state court decision in which to initiate a federal habeas action.  Even so, Petitioner's last state court appeal concluded in September 2002, meaning that, according to her understanding, she was required to file in federal court by September 2003; yet, she waited until late December 2004.  Petitioner's sense of disillusionment after the state court rejected her appeal does not supply a reason to toll the limitations period, and her brief illness does not account for the entire time that she seeks to toll.  In short, because Petitioner has not demonstrated that the Court's ruling on the procedural issue is reasonably debatable, she is not entitled

to a certificate of appealability.[1]  *See Slack,* 529 U.S. at 484.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for Certificate of Appealability (Docket No. 19) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order, Petitioner's Application for Certificate of Appealability (Docket No. 19), the Court's Memorandum Decision and Order (Docket No. 17), and the Judgment (Docket Nos. 18), to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.  If requested by the Ninth Circuit, the Clerk of Court shall forward a copy of the district court's file to the appellate court for its review.



DATED:  **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[1] Petitioner again suggests that she did not receive certain documents in this case in a timely fashion.  As this Court previously noted, it has carefully considered all of Petitioner's arguments in this case, and Petitioner has failed to indicate precisely what she has not been allowed to put before the Court as a result of any shortcomings in the mail system.

**ORDER - 3**